UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|   v. | ) | CIV-18- 599-R |
| | ) | |
| 1. KEISHA LYNNELL STEPHENS, | ) | |
| 2. OKLAHOMA COUNTY | ) | |
|     TREASURER, | ) | |
| 3. BOARD OF COUNTY | ) | |
|     COMMISSIONERS OF | ) | |
|     OKLAHOMA COUNTY; | ) | |
|     Defendant(s). | ) | |

## COMPLAINT FOR FORECLOSURE

1.　　　Jurisdiction depends upon 28 U.S.C. § 1345.

2.　　　Keisha Lynnell Stephens defaulted on promissory note and mortgage, attached as Exhibits 1 - 2 hereto (recorded in Oklahoma County on June 30, 2015, in Book 12862 at Page 1991).  Plaintiff is entitled to judgment for the amount due on the note:

Principal ................................................................................................ $36,719.91
Interest as of April 11, 2018 ........................................................................ $805.51
Amount due as of April 11, 2018 ............................................................. $37,525.42

plus accruing interest on the principal at the rate of $1.70 per diem from April 11, 2018, to the date of judgment.  Verification of indebtedness is attached as Exhibit 3.

3.　　　Plaintiff is entitled to foreclosure of its first mortgage lien and sale of the mortgaged premises in partial satisfaction of the note and debt owing.

4.　　　Legal description of the mortgaged premises:

THE FOLLOWING DESCRIBED REAL ESTATE, SITUATED IN THE CITY OF OKLAHOMA CITY, COUNTY OF OKLAHOMA, STATE OF OKLAHOMA, TO-WIT:

LOT 2 AND THE EAST 15 FEET OF LOT 3, IN BLOCK (10) TEN OF LINCOLN TERRACE ADDITION, OKLAHOMA COUNTY, STATE OF OKLAHOMA, AS RECORDED IN THE OFFICE OF THE OKLAHOMA COUNTY CLERK.

More commonly known as: 622 NE 19TH STREET, OKLAHOMA CITY, OK 73105

5.      Defendant Oklahoma County, as a result of personal property taxes, may claim some right, title or interest in the mortgaged premises, but such interests are inferior to the mortgage lien of plaintiff.

WHEREFORE, plaintiff prays for in personam and in rem judgment against Defendant Keisha Lynnell Stephens in the sum of $37,525.42 as of April 11, 2018, together with accruing interest at the rate of $1.70 per diem from April 11, 2018, to the date of judgment; and for the foreclosure of its mortgage lien, determination of its first lien priority against all defendants and sale of the mortgaged premises pursuant to judgment. **Plaintiff elects to sell this property with appraisal.**

ROBERT J. TROESTER
ACTING UNITED STATES ATTORNEY

*s/Kay Sewell*_____
KAY SEWELL, OBA 10778
Assistant U.S. Attorney
210 Park Avenue, Suite 400
Oklahoma City, OK 73102
(405) 553-8807 phone / 553-8885 fax
Kay.Sewell@usdoj.gov

2



| | U.S. Small Business Administration | **Date:** June 26, 2015 |
|---|---|---|
| | **NOTE** | **Loan Amount:** $32,500.00 |
| U.S. Small Business Administration | (SECURED DISASTER LOANS) | **Annual Interest Rate:** 1.688% |

**Application #** ▮▮▮▮▮      **Loan #** ▮▮▮▮▮

1.  **PROMISE TO PAY:** In return for a loan, Borrower promises to pay to the order of SBA the amount of **Thirty-Two Thousand Five Hundred And 00/100** Dollars, interest on the unpaid principal balance, and all other amounts required by this Note.

2.  **DEFINITIONS:** A) "Collateral" means any property taken as security for payment of this Note or any guarantee of this Note. B) "Guarantor" means each person or entity that signs a guarantee of payment of this Note. C) "Loan Documents" means the documents related to this loan signed by Borrower, any Guarantor, or anyone who pledges collateral.

3.  **PAYMENT TERMS:** Borrower must make all payments at the place SBA designates. Borrower may prepay this Note in part or in full at any time, without notice or penalty. Borrower must pay principal and interest payments of **$198.00** every **month** beginning **Five (5)** months from the date of the Note. SBA will apply each installment payment first to pay interest accrued to the day SBA receives the payment and will then apply any remaining balance to reduce principal. All remaining principal and accrued interest is due and payable **Sixteen (16) years** from the date of the Note.

4.  **DEFAULT:** Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower: **A)** Fails to comply with any provision of this Note, the Loan Authorization and Agreement, or other Loan Documents; **B)** Defaults on any other SBA loan; **C)** Sells or otherwise transfers, or does not preserve or account to SBA's satisfaction for, any of the Collateral or its proceeds; **D)** Does not disclose, or anyone acting on their behalf does not disclose, any material fact to SBA; **E)** Makes, or anyone acting on their behalf makes, a materially false or misleading representation to SBA; **F)** Defaults on any loan or agreement with another creditor, if SBA believes the default may materially affect Borrower's ability to pay this Note; **G)** Fails to pay any taxes when due; **H)** Becomes the subject of a proceeding under any bankruptcy or insolvency law; **I)** Has a receiver or liquidator appointed for any part of their business or property; **J)** Makes an assignment for the benefit of creditors; **K)** Has any adverse change in financial condition or business operation that SBA believes may materially affect Borrower's ability to pay this Note; **L)** Dies; **M)** Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without SBA's prior written consent; or, **N)** Becomes the subject of a civil or criminal action that SBA believes may materially affect Borrower's ability to pay this Note.

5.  **SBA'S RIGHTS IF THERE IS A DEFAULT:** Without notice or demand and without giving up any of its rights, SBA may: **A)** Require immediate payment of all amounts owing under this Note; **B)** Have recourse to collect all amounts owing from any Borrower or Guarantor; **C)** File suit and obtain judgment; **D)** Take possession of any Collateral; or **E)** Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement.

6.  **SBA'S GENERAL POWERS:** Without notice and without Borrower's consent, SBA may: **A)** Bid on or buy the Collateral at its sale or the sale of another lienholder, at any price it chooses; **B)** Collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If SBA incurs such expenses, it may demand immediate reimbursement from Borrower or add the expenses to the principal balance; **C)** Release anyone obligated to pay this Note; **D)** Compromise, release, renew, extend or substitute any of the Collateral; and **E)** Take any action necessary to protect the Collateral or collect amounts owing on this Note.

7.  **FEDERAL LAW APPLIES:** When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law.

8.  **GENERAL PROVISIONS:** A) All individuals and entities signing this Note are jointly and severally liable. B) Borrower waives all suretyship defenses. C) Borrower must sign all documents required at any time to comply with the Loan Documents and to enable SBA to acquire, perfect, or maintain SBA's liens on Collateral. D) SBA may exercise any of its rights separately or together, as many times and in any order it chooses. SBA may delay or forgo enforcing any of its rights without giving up any of them. E) Borrower may not use an oral statement of SBA to contradict or alter the written terms of this Note. F) If any part of this Note is unenforceable, all other parts remain in effect. G) To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor. Borrower also waives any defenses based upon any claim that SBA did not obtain any guarantee; did not obtain, perfect, or maintain a lien upon Collateral; impaired Collateral; or did not obtain the fair market value of Collateral at a sale. H) SBA may sell or otherwise transfer this Note.

Exhibit 1-
Promissory Note

9.  **MISUSE OF LOAN FUNDS:** Anyone who wrongfully misapplies any proceeds of the loan will be civilly liable to SBA for one and one-half times the proceeds disbursed, in addition to other remedies allowed by law.

10. **BORROWER'S NAME(S) AND SIGNATURE(S):** By signing below, each individual or entity acknowledges and accepts personal obligation and full liability under the Note as Borrower.

Individual Execution:

*Keisha Lynnell Stephens*

KEISHA LYNNELL STEPHENS, INDIVIDUALLY

MAIL ANY NOTICE OF DEFAULT TO:
U.S. SMALL BUSINESS ADMINISTRATION
10737 Gateway West #320
El Paso, TX 79935   ᴜꜱ

WHEN RECORDED MAIL TO:
U.S. SMALL BUSINESS ADMINISTRATION
14925 Kingsport Road
Fort Worth, TX 76155-2243

KEISHA LYNNELL STEPHENS
Application:

RECEIVED MTG TAX $

PAID on JUNE 30TH        2015
FORREST "BUTCH" FREEMAN
OKLA CO. TREASURER
BY Paula Wells

2015063300108B7610
06/30/2015 02:39:00 PM
Bk:RE12082 Pg:1991  Pgs:8  MTG
State of Oklahoma
County of Oklahoma
Oklahoma County Clerk
Carolynn Caudill

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## MORTGAGE
### (Direct)

This mortgage made and entered into this **26th** day of **June, 2015**, by and between **KEISHA LYNNELL STEPHENS, A SINGLE PERSON, 622 NE 19TH STREET, OKLAHOMA CITY, OK 73105** (hereinafter referred to as mortgagor) and the Administrator of the U.S. Small Business Administration, an agency of the Government of the United States of America (hereinafter referred to as mortgagee), who maintains an office and place of business at 10737 Gateway West #320, El Paso, TX 79935.

**WITNESSETH,** that for the consideration hereinafter stated, receipt of which is hereby acknowledged, the mortgagor does hereby mortgage, sell, grant, assign, and convey unto the mortgagee, his successors and assigns, all of the following described property situated and being in the County of **OKLAHOMA**, State of Oklahoma, to-wit:

**Described in Exhibit "A" attached hereto and made a part hereof.**

Together with and including all buildings, all fixtures including but not limited to all plumbing, heating, lighting, ventilating, refrigerating, incinerating, air conditioning apparatus, and elevators (the mortgagor hereby declaring that it is intended that the items herein enumerated shall be deemed to have been permanently installed as part of the realty), and all improvements now or hereafter existing thereon; the hereditaments and appurtenances and all other rights thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, all rights of redemption, and the rents, issues, and profits of the above described property (provided, however, that the mortgagor shall be entitled to the possession of said property and to collect and retain the rents, issues, and profits until default hereunder). To have and to hold the same unto the mortgagee and the successors in interest of the mortgagee forever in fee simple or such other estate, if any, as is stated herein.

FOR THE PURPOSE OF SECURING: (1) Payment of the principal and interest as set forth above; (2) Payment of any and all obligations and liability, which are now due or may hereafter become due from Mortgagor; (3) Performance of each agreement of Mortgagor herein contained; (4) Payment of all sums to be paid to Mortgagee pursuant to the terms hereof.

Exhibit 2-Mortgage

The mortgagor covenants that he is lawfully seized and possessed of and has the right to sell and convey said property; that the same is free from all encumbrances except as hereinabove recited; and that he hereby binds himself and his successors in interest to warrant and defend the title aforesaid thereto and every part thereof against the claims of all persons whomsoever.

This instrument is given to secure the payment of a promissory note dated **June 26, 2015** in the principal sum of **$32,500.00** and maturing on **June 26, 2031**, signed by or on behalf of **KEISHA LYNNELL STEPHENS**.

1.   The mortgagor covenants and agrees as follows:

*a.*   He will promptly pay the indebtedness evidenced by said promissory note at the times and in the manner therein provided.

*b.*   He will pay all taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions, for which provision has not been made hereinbefore, and will promptly deliver the official receipts therefore to the said mortgagee.

*c.*   He will pay such expenses and fees as may be incurred in the protection and maintenance of said property, including the fees of any attorney employed by the mortgagee for the collection of any or all of the indebtedness hereby secured, or for foreclosure by mortgagee's sale, or court proceedings, or in any other litigation or proceeding affecting said premises. Attorneys' fees reasonably incurred in any other way shall be paid by the mortgagor.

*d.*   For better security of the indebtedness hereby secured, upon the request of the mortgagee, its successors or assigns, he shall execute and deliver a supplemental mortgage or mortgages covering any additions, improvements, or betterments made to the property hereinabove described and all property acquired by it after the date hereof (all in form satisfactory to mortgagee). Furthermore, should mortgagor fail to cure any default in the payment of a prior or inferior encumbrance on the property described by this instrument, mortgagor hereby agrees to permit mortgagee to cure such default, but mortgagee is not obligated to do so; and such advances shall become part of the indebtedness secured by this instrument, subject to the same terms and conditions.

*e.*   The rights created by this conveyance shall remain in full force and effect during any postponement or extension of the time of payment of the indebtedness evidenced by said promissory note or any part thereof secured hereby.

*f.*   He will continuously maintain hazard insurance, of such type or types and in such amounts as the mortgagee may from time to time require on the improvements now or hereafter on said property, and will pay promptly when due any premiums therefor. All insurance shall be carried in companies acceptable to mortgagee and the policies and renewals thereof shall be held by mortgagee and have attached thereto loss payable clauses in favor of and in form acceptable to the mortgagee. In event of loss, mortgagor will give immediate notice in writing to mortgagee, and mortgagee may make proof of loss if not made promptly by mortgagor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to mortgagee instead of to mortgagor and mortgagee jointly, and the insurance proceeds, or any part thereof, may be applied by mortgagee at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged or destroyed. In event of foreclosure of this mortgage, or other transfer of title to said property in extinguishment of the indebtedness secured

hereby, all right, title, and interest of the mortgagor in and to any insurance policies then in force shall pass to the purchaser or mortgagee or, at the option of the mortgagee, may be surrendered for a refund.

g.  He will keep all buildings and other improvements on said property in good repair and condition; will permit, commit, or suffer no waste, impairment, deterioration of said property or any part thereof; in the event of failure of the mortgagor to keep the buildings on said premises and those erected on said premises, or improvements thereon, in good repair, the mortgagee may make such repairs as in its discretion it may deem necessary for the proper preservation thereof; and the full amount of each and every such payment shall be immediately due and payable and shall be secured by the lien of this mortgage.

h.  He will not voluntarily create or permit to be created against the property subject to this mortgage any lien or liens inferior or superior to the lien of this mortgage without the written consent of the mortgagee, and further, he will keep and maintain the same free from the claim of all persons supplying labor or materials for construction of any and all buildings or improvements now being erected or to be erected on said premises.

i.  He will not rent or assign any part of the rent of said mortgaged property or demolish, or remove, or substantially alter any building without the written consent of the mortgagee.

j.  All awards of damages in connection with any condemnation for public use of or injury to any of the property subject to this mortgage are hereby assigned and shall be paid to mortgagee, who may apply the same to payment of the installments last due under said note, and mortgagee is hereby authorized, in the name of the mortgagor, to execute and deliver valid acquittances thereof and to appeal from any such award.

k.  The mortgagee shall have the right to inspect the mortgaged premises at any reasonable time.

2.  Default in any of the covenants or conditions of this instrument or of the note or loan agreement secured hereby shall terminate the mortgagor's right to possession, use, and enjoyment of the property, at the option of the mortgagee or his assigns (it being agreed that the mortgagor shall have such right until default). Upon any such default, the mortgagee shall become the owner of all of the rents and profits accruing after default as security for the indebtedness secured hereby, with the right to enter upon said property for the purpose of collecting such rents and profits.  This instrument shall operate as an assignment of any rentals on said property to that extent.

3.  The mortgagor covenants and agrees that if he shall fail to pay said indebtedness or any part thereof when due, or shall fail to perform any covenant or agreement of this instrument or the promissory note secured hereby, the entire indebtedness hereby secured shall immediately become due, payable, and collectible without notice, at the option of the mortgagee or assigns, regardless of maturity, and the mortgagee or his assigns may before or after entry sell said property without appraisement (the mortgagor having waived and assigned to the mortgagee all rights of appraisement):

(I) at judicial sale pursuant to the provisions of 28 U.S.C. 2001 (a); or

(II) at the option of the mortgagee, either by auction or by solicitation of sealed bids, for the highest and best bid complying with the terms of sale and manner of payment specified in the published notice of sale, first giving four weeks' notice of the time, terms, and place of such sale, by advertisement not less than once during each of said four weeks in a newspaper published or distributed in the county in which said property is situated, all other notice being hereby waived by the mortgagor (and said mortgagee, or any person on

behalf of said mortgagee, may bid with the unpaid indebtedness evidenced by said note). Said sale shall be held at or on the property to be sold or at the Federal [, county, or city/or Commonwealth] courthouse for the county in which the property is located.  The mortgagee is hereby authorized to execute for and on behalf of the mortgagor and to deliver to the purchaser at such sale a sufficient conveyance of said property, which conveyance shall contain recitals as to the happening of the default upon which the execution of the power of sale herein granted depends; and the said mortgagor hereby constitutes and appoints the mortgagee or any agent or attorney of the mortgagee, the agent and attorney in fact of said mortgagor to make such recitals and to execute said conveyance and hereby covenants and agrees that the recitals so made shall be effectual to bar all equity or right of redemption, homestead, dower, and all other exemptions of the mortgagor, all of which are hereby expressly waived and conveyed to the mortgagee; or

(III) take any other appropriate action pursuant to state or Federal statute either in state or Federal court or otherwise for the disposition of the property.

In the event of a sale as hereinabove provided, the mortgagor or any person in possession under the mortgagor shall then become and be tenants holding over and shall forthwith deliver possession to the purchaser at such sale or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over. The power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise, and are granted as cumulative to the remedies for collection of said indebtedness provided by law.

4.  The proceeds of any sale of said property in accordance with the preceding paragraphs shall be applied first to pay the costs and expenses of said sale, the expenses incurred by the mortgagee for the purpose of protecting or maintaining said property, and reasonable attorneys' fees; secondly, to pay the indebtedness secured hereby; and thirdly, to pay any surplus or excess to the person or persons legally entitled thereto.

5.  In the event said property is sold at a judicial foreclosure sale or pursuant to the power of sale hereinabove granted, and the proceeds are not sufficient to pay the total indebtedness secured by this instrument and evidenced by said promissory note, the mortgagee will be entitled to a deficiency judgment for the amount of the *deficiency without regard to appraisement.*

6.  In the event the mortgagor fails to pay any Federal, state, or local tax assessment, income tax or other tax lien, charge, fee, or other expense charged against the property, the mortgagee is hereby authorized at his option to pay the same. Any sums so paid by the mortgagee shall be added to and become a part of the principal amount of the indebtedness evidenced by said note, subject to the same terms and conditions.  If the mortgagor shall pay and discharge the indebtedness evidenced by said promissory note, and shall pay such sums and shall discharge all taxes and liens and the costs, fees, and expenses of making, enforcing, and executing this mortgage, then this mortgage shall be canceled and surrendered.

7.  The covenants herein contained shall bind and the benefits and advantages shall inure to the respective successors and assigns of the parties hereto.  Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all genders.

8.  No waiver of any covenant herein or of the obligation secured hereby shall at any time thereafter be held to be a waiver of the terms hereof or of the note secured hereby.

9. In compliance with section 101.106 of the Rules and Regulations of the U.S. Small Business Administration [13 C.F.R. 101 106], this instrument is to be construed and enforced in accordance with

applicable Federal law.   This Mortgage is to be construed and enforced in accordance with Federal law. Mortgagor hereby waives any rights or immunity purportedly conferred by Commonwealth law limiting Mortgagee's right to a deficiency judgement after either a judicial foreclosure or a foreclosure under the power of sale referred to above.

10. A judicial decree, order, or judgment holding any provision or portion of this instrument invalid or unenforceable shall not in any way impair or preclude the enforcement of the remaining provisions or portions of this instrument.

11. Any written notice to be issued to the mortgagor pursuant to the provisions of this instrument shall be addressed to the mortgagor at **622 NE 19TH STREET, OKLAHOMA CITY, OK 73105** and any written notice to be issued to the mortgagee shall be addressed to the mortgagee at 10737 Gateway West #320, El Paso, TX 79935.

If any one or more of the provisions contained in this Mortgage shall for any reason be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Mortgage.

   IN WITNESS WHEREOF, the mortgagor has executed this instrument and the mortgagee has accepted delivery of this instrument as of the day and year aforesaid.

**A POWER OF SALE HAS BEEN GRANTED IN THIS MORTGAGE. (SEE ATTACHMENT A.) A POWER OF SALE MAY ALLOW THE MORTGAGEE TO TAKE THE MORTGAGED PROPERTY AND SELL IT WITHOUT GOING TO COURT IN A FORECLOSURE ACTION UPON DEFAULT BY THE MORTGAGOR UNDER THIS MORTGAGE.**

STATE OF OKLAHOMA       )
COUNTY OF _Oklahoma_     )

**Individual Execution:**

This instrument was acknowledged before me on
_30th_ day of _June_  , 20_15_, by
KEISHA LYNNELL STEPHENS,
INDIVIDUALLY.

_Keisha Lynnell Stephens_
KEISHA LYNNELL STEPHENS,
INDIVIDUALLY

Notary Public
My Commission Expires _March 04 2017_

MATTHEW IGNACIO
Notary Public, State of Oklahoma
Commission # 13002154
My Commission Expires March 04, 2017

## EXHIBIT "A"

THE FOLLOWING DESCRIBED REAL ESTATE, SITUATED IN THE CITY OF OKLAHOMA CITY, COUNTY OF OKLAHOMA, STATE OF OKLAHOMA, TO-WIT:

LOT 2 AND THE EAST 15 FEET OF LOT 3, IN BLOCK (10) TEN OF LINCOLN TERRACE ADDITION, OKLAHOMA COUNTY, STATE OF OKLAHOMA, AS RECORDED IN THE OFFICE OF THE OKLAHOMA COUNTY CLERK.

More commonly known as: **622 NE 19TH STREET, OKLAHOMA CITY, OK 73105**

Application

## ATTACHMENT A

MORTGAGOR hereby confers upon and grants unto MORTGAGEE the right and power to sell the Mortgaged Premises, without judicial proceedings, in the manner provided by the "Oklahoma Power of Sale Mortgage Foreclosure Act", Title 46 Oklahoma Statutes, Sections 40 through 48. Upon the occurrence of any event or default under this Mortgage, MORTGAGEE may elect, at the sole option of MORTGAGEE, to foreclose the lien of this Mortgage against the Mortgaged Premises by the power of sale herein conferred upon MORTGAGEE. If MORTGAGEE should elect exercise such power of sale, MORTGAGOR shall give prior written notice of such election to MORTGAGOR, which notice shall also state the nature of the default or the event of default giving rise to the intended foreclosure. Mortgagor shall have thirty (30) days from and after the date of such notice to cure the default to the satisfaction of MORTGAGEE and thereby reinstate this mortgage. If such default is not cured to the satisfaction of MORTGAGEE within the time allowed for effecting such cure, MORTGAGEE shall thereupon be entitled to sell the Mortgaged Premises, or any part or parcel thereof, in the manner provided by law. Unless otherwise provided herein, such thirty (30) day notice and right to cure shall not be required as a condition to foreclosure, if MORTGAGEE elects to foreclose the lien of this Mortgage by judicial proceedings.

Application:

## AFFIDAVIT AS TO EXEMPTION FROM MORTGAGE TAX

STATE OF TEXAS )
) ss:
COUNTY OF TARRANT )

I, **KIMBERLY CLARK**, being duly sworn, depose and say that. I am an authorized employee of the Processing And Disbursement Center Office of the U.S. SMALL BUSINESS ADMINISTRATION, an Agency of the United States Government, duly created by an Act of Congress and having its principal office at 409 Third Street, S.W., Washington, D.C. 20416, and having a disaster office at 14925 Kingsport Road, Fort Worth, TX 76155-2243.

The United States Small Business Administration is a federal agency created by the United States Small Business Investment Act of 1958 as amended (15 U.S.C. sections 631, et seq.) and the interests of the SBA are exempt from state and local taxation.

I hereby certify that the U.S. Small Business Administration is making a loan in the amount of **Thirty-Two Thousand Five Hundred And 00/100 ($32,500.00) Dollars** to **KEISHA LYNNELL STEPHENS** secured by a Real Estate Mortgage executed by **KEISHA LYNNELL STEPHENS, A SINGLE PERSON** covering property located at **622 NE 19TH STREET, OKLAHOMA CITY, OK 73105** to be offered herewith for recording.

I make this affidavit for the purpose of exempting the Borrower from payment of the State mortgage tax inasmuch as said mortgage is executed for the immediate benefit of an Administration of the United States of America and as such is immune from the mortgage tax by virtue of its constitutional supremacy (Pittman v Home Owners Corp, 308 U.S. 21 [Sup. Ct. 1939], Federal Land Bank v Crosland, 261 U.S. 374 [Sup. Ct. 1923]; 1956 Informal Opinions of the Attorney General 26; 1938 Informal Opinions of the Attorney General 200, 1934 Informal Opinions of the Attorney General 189; 55 State Dept.).

I make this affidavit for the purpose of fully exempting the said mortgage from payment of all mortgage taxes inasmuch as the said mortgage is being executed and delivered under the Federal Authority creating the said U.S. Small Business Administration.

This instrument is executed and delivered by the U. S. Small Business Administration's duly authorized Attorney pursuant to Delegation of Authority, No. 12-D, Revision 3, Redelegation of Disaster Assistance, published in The Federal Register, Vol 58, No. 206, page 57891, October 27, 1993.

**KIMBERLY CLARK, Attorney**
**U. S. SMALL BUSINESS ADMINISTRATION**

Sworn to and subscribed before me this 26th day of June 20 15.

NOTARY PUBLIC

CHERYL A. BELL
Notary Public, State of Texas
My Commission Expires
August 05, 2016

Page 8

20150630310887510
Filing Fee: $27.00

06/30/2015 02:38:00 PM
MTG



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br>  )<br>  v.                    )<br>  )<br>1. KEISHA LYNNELL STEPHENS, )<br>  *et al*.               )<br>    Defendant(s).         ) | CIV-18-599-R |

---

## VERIFICATION OF UNITED STATES

---

STATE OF OKLAHOMA        )
                         ) *SS:*
COUNTY OF OKLAHOMA        )

I, Rosalee Morris, District Counsel, am familiar with the books and records of the Small Business Administration regarding the account of Defendant and do hereby state and verify, as follows:

1.     I have examined Note, Mortgage, and Statement of Account and have verified the accuracy of the amount owing to the United States.

2.     That I have read the Complaint to be filed of record with this Court. I have knowledge of the facts and figures stated therein; and that I believe the statements of fact and figures set forth are true and correct.

3.     This account is now in default.

Exhibit 3-
Verification

Dated: 6-20-2018

_Rosalee Morris_
ROSALEE MORRIS
District Counsel

**STATE OF OKLAHOMA    )**

                       ) *SS*

**COUNTY OF OKLAHOMA)**

    Before me on June 20, 2018            , personally appeared Rosalee Morris, known by me to be the identical person who executed this instrument and acknowledged to me that the same is true and correct.

    Witness my hand and seal the day and year written above.

My Commission Expires:
Jan 8, 2022

_Paula Music Green_
NAME OF NOTARY, Notary Public
Comm No: 18000207

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | KEISHA LYNNELL STEPHENS, et al. |

| (b) County of Residence of First Listed Plaintiff | County of Residence of First Listed Defendant Oklahoma |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kay Sewell
Assistant United States Attorney, OBA #10778
210 W. Park Ave, Suite 400
Oklahoma City, OK 73102
405-553-8807 405-553-8885-FAX

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question *(U.S. Government Not a Party)*

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excludes Veterans) | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☒ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1345

Brief description of cause:
Foreclosure

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
37,525.42

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 06/20/2018 | /s/ Kay Sewell, AUSA, OBA #10778 |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____